The jury below had found for the defendant, and the appeal was returnable to this Court in October Term, 1793. It was not then transmitted to the clerk of this Court, but in April, 1794. Counsel for defendant, having a copy of the record in his hand, moved to have it entered of record in this Court, and the judgment affirmed with double costs, agreeably to the act of 1777, ch. 2, sec. 84. Counsel for plaintiff then moved for time to procure an affidavit for removing the cause by certiorari, alleging the neglect of the clerk of the county court, who had been applied to in time and failed to give a transcript of the record. And now, at this term, the motion for affirming the judgment was renewed and the affidavit for the certiorari, produced. It stated that this cause was tried in May, 1793; and that in August, 1793, Brickell's attorney had declined practice in that court, but had applied by Mr. Hall, the attorney left to finish his business, to the clerk for a transcript of the record, to be brought up and lodged with the clerk of this court; Mr. Hall intending, could he have procured it, to have brought it up himself, but was informed by the clerk that he had not then time to make it out, but that he would hand it in time to the office of the Superior Court clerk. (138)
Upon this affidavit plaintiff's counsel contended that the act of Assembly only contemplated the affirmance of judgment and double costs in cases where the appellant craved the appeal for the purpose of gaining time, and delaying the other party; but many cases had occurred where the appellant, having been hindered by accident, of the default of the clerk, from bringing up his appeal in time, had been helped by certiorari; and that he understood the rule in such cases to be this: *Page 98 
where it was not owing to the default or neglect of the appellant, but to some other cause not under his control, that the appeal was not brought up in time, he should be relieved by certiorari; for it frequently happens that the appellant has good cause for his appeal, and may intend to prosecute it, but owing to the default of the clerk of the county court, or to some other cause not imputable to the appellant, he may be prevented from having it removed in time; and then surely it would be great injustice, and not within the true meaning of the act, that the judgment appealed from should be affirmed.
The act is express that unless the transcript be filed with the clerk of the Superior Court fifteen days before the commencement of the term, the judgment shall be affirmed, with double costs; and I cannot narrow down the operation of the act by guessing at what was the probable meaning of the Legislature. If the clerk has done amiss, he is liable to pay a fine to the party grieved, and to answer him in damages, as also to be prosecuted for a misdemeanor in office; and that must be the remedy which the plaintiff must pursue. Of course, the judgment must be affirmed, with double cost, and the motion for the certiorari overruled.
Counsel for plaintiff then said he would submit whether it was not now too late to move for an affirmance of the judgment. The appeal was returnable to October Term, 1793, and the first day of that term was the day in court given to both parties to appear — the appellee to answer to the appeal if brought up, or to move for affirmance of judgment if not brought up; and the time having passed without anything done, or any motion made on either side, or any further day given, they were, after the expiration of that term, both out of court, and could not be again brought in but by some new process.